IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL FOWLER,<br>MARIANNE MORRIS FOWLER,<br><br>     Plaintiffs,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>By and through the United States<br>Department of Agriculture,<br>***Serve:***<br>U.S. Attorney Teresa A. Moore<br>U.S. Attorney's Office<br>Room 5510<br>400 East 9th Street<br>Kansas City, MO 64106<br><br>***Via Certified Mail:***<br>U.S. Attorney General Merrick Garland<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>TEXAS COUNTY, MISSOURI,<br>***Serve:***<br>Clerk of the County Commission<br>Peggy Seyler<br>10 North Grand Avenue, Ste 311<br>Houston, MO 65483<br><br>BOONE TOWNSHIP, MISSOURI,<br>***Serve:***<br>Ronnie L. Duncan, Board President<br>15819 Highway AF,<br>Licking, MO 65542<br><br>     Defendants. | Case No. _____ |

**COMPLAINT**

1

**COME NOW** Plaintiffs Michael Fowler and Aria Fowler, by and through their undersigned counsel, and for their cause of action against Defendants state and aver to the Court as follows:

## GENERAL ALLEGATIONS

1. Plaintiffs Michael Fowler and Marianne (Aria) Morris Fowler, husband and wife (hereinafter "Plaintiffs"), are residents of Licking, Texas County, Missouri. Plaintiffs are the owners of two parcels of certain real property, consisting of approximately 92 acres, located in and around said Texas County, Missouri, more accurately identified in a survey attached hereto this Complaint as "Exhibit 1" (hereinafter the "Fowler Property").

2. The United States Department of Agriculture is a lawful agency of the United States of America (hereinafter the "United States" or "Department of Agriculture") and may be served with process as set forth above.

3. Defendant Texas County, Missouri (hereinafter "Texas County") is a statutory third-class county and political subdivision of the state of Missouri, the geographic boundaries of which contain the Fowler Property. Texas County may be served with process to the Clerk of the County Commission, as set forth above.

4. Defendant Boone Township, Missouri (hereinafter "Boone Township") is one of seventeen townships and political subdivisions within Texas County, the geographic boundaries of which contain the Fowler Property. By statute, and under the authority given it by the County Commission of Texas County, Boone Township is responsible for the maintenance of roads and bridges within its geographic boundaries, including the Fowler Property. Boone Township may be served to its Board President as set forth above.

5. This Court has subject matter jurisdiction as to the United States pursuant to 28 U.S.C. § 1346(f), in that this matter comes before the Court, in part, as an action to quiet title to real estate or an interest in real property in which the United States may claim an interest.

6. This Court can exercise its supplemental subject matter jurisdiction under 28 U.S.C. § 1367 as to the remaining Defendants who may also claim an interest in said property and as to Plaintiffs' state law claims for abandonment thereunder, in that it presents the same case or controversy before the Court.

7. Venue is proper in the premises, in that the Fowler Property is located within the Southern Division of the Western District of Missouri, and in that two of the Defendants are considered to be residing within the premises.

8. On or about July 31, 1937, Plaintiffs' predecessor in interest to a portion of the Fowler Property, Edmund P. Shelby, entered into an agreement with and provided the United States, by and through the Department of Agriculture, a Right of Way Deed for certain real property contained within the Fowler Property, for the United States to use as a "public highway." Said Right of Way Deed is attached hereto as "Exhibit 2."

9. Said Right of Way Deed provides that "This grant shall be effective only so long as said easement and right of way shall be actually used for some of the purposes above specified and all rights hereunder shall revert to the owner of the land as soon as the said use thereof shall be abandoned and discontinued."

10. On or about July 19, 1938, Plaintiffs' predecessors in interest to a portion of the Fowler Property, A.J. O'Malley and Annie (possibly Anna) O'Malley, entered into an agreement with and provided the United States, by and through the Department of Agriculture, a Right of Way Deed for certain real property contained within the Fowler Property, for the

3

United States to use as a "public highway." Said Right of Way Deed is attached hereto as "Exhibit 3."

11. Said Right of Way Deed provides that "This grant shall be effective only so long as said easement and right of way shall be actually used for some of the purposes above specified and all rights hereunder shall revert to the owner of the land as soon as the said use thereof shall be abandoned and discontinued."

12. On or about June 25, 1941, Plaintiffs' predecessors in interest to the Fowler Property, J.E. Haith and Rae E. Haith, entered into an agreement with and provided the United States, by and through the Department of Agriculture, a Right of Way Deed for certain real property contained within the Fowler Property, for the United States to use as a "public highway." Said Right of Way Deed is attached hereto as "Exhibit 4."

13. Said Right of Way Deed provides that "This grant shall be effective only so long as said easement and right of way shall be actually used for some of the purposes above specified and all rights hereunder shall revert to the owner of the land as soon as the said use thereof shall be abandoned and discontinued."

14. Upon information and belief, the original intent of the right-of-way easements above were for the United States Department of Agriculture to have and hold the same to create a forest road for loggers that connected the Fowler Property to the Big Piney National Forest nearby. The original intent was to have the roadway, commonly referred to at the time as "Slab Springs Road," to be used as a thoroughfare connecting what is now the Fowler Property with what is today known as Highway AF through the use of a wooden slat bridge to cross over the Big Piney River.

15. Originally, that intent came to fruition, as the United States developed the logging road and built the wooden slat bridge to connect to the highway.

16. Today, the portion of the Fowler Property where the original right-of-way deeds were granted have long since, for a period of more than 5 years, been abandoned past the point in which the road is no longer paved.

17. The wooden slat bridge, described above, whose intent was to connect "Slab Springs Road" to Highway AF, no longer exists, and has not existed for a period of 5 or more years, and the road does not connect to any other existing road.

18. The area of the purported roadway immediately leading up to the Big Piney River has fallen in complete disrepair. Those areas are no longer traversable by car, have not been maintained for, upon information and belief, a period of 5 or more years, in that there are extensive potholes and dangers in the right-of-way, vegetation has overgrown the area, a wet weather spring has eroded what little evidence of the roadway exists, and a line of tall grass has grown down the middle of the right of way.

19. Plaintiffs have reached out to representatives of each of the Defendants to ascertain whether the Defendants take the position that the rights-of-way described in Exhibits 2-4 have been abandoned, and the Defendants have failed and refused to respond to Plaintiffs.

COUNT I – DECLARATORY JUDGMENT AND QUIET TITLE

**COME NOW** Plaintiffs, by and through their undersigned counsel, and for Count I of their cause of action against Defendants state and aver to the Court as follows:

20. Plaintiffs incorporate by reference each and every preceding paragraph of this Complaint as if set forth more fully herein.

21. That as a result of Defendants' failure to respond to Plaintiffs and to voluntarily acknowledge that the rights-of-way described above are abandoned, there exists an actual, justiciable controversy in conflict with Plaintiffs' ownership, which requires declaratory relief and for the Court to quiet title to this strip of property in favor of Plaintiffs.

22. Defendant United States has an express grant of easement and right-of-way in the Fowler Property by virtue of the recorded deeds, Exhibits 2-4. Upon information and belief, one or both of the remaining Texas County Defendants may also claim some interest in the Fowler Property.

23. That each of the deeds and rights-of-way set forth in Exhibits 2-4 include express language that "[t]his grant shall be effective only so long as said easement and right of way shall be actually used for some of the purposes above specified and all rights hereunder shall revert to the owner of the land as soon as the said use thereof shall be abandoned and discontinued."

24. That the easements and rights-of-way described in Exhibits 2-4 are no longer being used for the purposes set forth in the deeds, namely said easements and rights-of-way are no longer being used by the United States as a "public highway" and have not been used in such a way for a period of more than 5 years.

25. That as a result of the matters set forth in paragraph 18 above, said easements and rights-of-way described in Exhibits 2-4 have been abandoned and discontinued for a period of 5 or more years, that that both an intent to abandon has been expressed and the public has not used a portion of the same for an extended period of time.

26. Plaintiffs seek a declaration of this Court, pursuant to 28 U.S.C. § 2201, and by way of final judgment and decree, that the Defendants' use of the Fowler Property, and more specifically the rights-of-way and easement set forth in Exhibits 2-4 above, have been abandoned, discontinued, and vacated, and for a declaration of this Court that title to those easements and rights-of-way shall revert back to Plaintiffs and that title to said property be quieted in favor of Plaintiffs as against Defendants and the general public.

**WHEREFORE**, Plaintiffs pray this Court for Judgment on Count I of their Complaint for a declaration of this Court pursuant to 28 U.S.C. § 2201, and by way of final judgment and decree, that the Defendants' use of the Fowler Property, and more specifically the rights-of-way and easement set forth in Exhibits 2-4 above, have been abandoned, discontinued, and vacated, and for a declaration of this Court that title to those easements and rights-of-way shall revert back to Plaintiffs and that title to said property be quieted in favor of Plaintiffs as against Defendants and the general public, for court costs and interest as allowable by law, and for any other and further relief as the Court deems just and proper in the premises.

## COUNT II – ABANDONMENT PURSUANT TO RSMO. § 228.190

**COME NOW** Plaintiffs, by and through their undersigned counsel, and for Count I of their cause of action against Defendants state and aver to the Court as follows:

27. Plaintiffs incorporate by reference each and every preceding paragraph of this Complaint as if set forth more fully herein.
28. This Count is pled in the alternative to and as a supplement of Count I of Plainiffs' Complaint for declaratory judgment and to quiet title.

29. To the extent the rights-of-way and easements at issue are considered "county roads," or that Defendant Texas County or Defendant Boone Township claim any interest in said purported roads, by statute or otherwise, RSMo. § 228.190 applies.

30. RSMo. § 228.190.1 provides, "All roads in this state that have been established by any order of the county commission, and have been used as public highways for a period of ten years or more, shall be deemed legally established public roads; and all roads that have been used as such by the public for ten years continuously, and upon which there shall have been expended public money or labor for such period, shall be deemed legally established roads; and nonuse by the public for five years continuously of any public road shall be deemed an abandonment and vacation of the same."

31. That as a result of the matters set forth in paragraph 20 above, said easements and rights-of-way described in Exhibits 2-4 have been abandoned and discontinued for a period of 5 or more years, that that both an intent to abandon has been expressed and the public has not used a portion of the same for an extended period of time.

32. Plaintiffs seek a declaration of this Court, pursuant to RSMo. § 228.190, and by way of final judgment and decree, that the Defendants' use of the Fowler Property, and more specifically the rights-of-way and easement set forth in Exhibits 2-4 above, have been abandoned, discontinued, and vacated, and for a declaration of this Court that title to those easements and rights-of-way shall revert back to Plaintiffs and that title to said property be quieted in favor of Plaintiffs as against Defendants and the general public.

**WHEREFORE**, Plaintiffs pray this Court for Judgment on Count II of their Complaint for a declaration of this Court pursuant to RSMo. § 228.190, and by way of final judgment and decree, that the Defendants' use of the Fowler Property, and more specifically the rights-of-way and

8

Case 6:22-cv-03101-SRB   Document 1   Filed 04/22/22   Page 8 of 9

easement set forth in Exhibits 2-4 above, have been abandoned, discontinued, and vacated, and for a declaration of this Court that title to those easements and rights-of-way shall revert back to Plaintiffs and that title to said property be quieted in favor of Plaintiffs as against Defendants and the general public, for court costs and interest as allowable by law, and for any other and further relief as the Court deems just and proper in the premises.

                                                        LOWTHER JOHNSON
                                                        Attorneys at Law, LLC

                                                        BY: _____
                                                        N. Austin Fax
                                                        Missouri Bar Number 68060
                                                       901 St. Louis Street, 20th Floor
                                                       Springfield, MO 65806
                                                       Telephone:   417-866-7777
                                                       Fax:             417-866-1752
                                                       afax@lowtherjohnson.com
                                                       *Attorney for Plaintiffs*